**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RENEE T. CECALA,
                    *Plaintiff-Appellant,*

                    v.

NATIONSBANK CORPORATION, a
Delaware Corporation, now known
as Bank of America Corporation;
NATIONSBANC CAPITAL MARKETS,
INCORPORATED, subsequently known
as NationsBanc Montgomery
Securities, Incorporated, and
NationsBanc Montgomery
Securities, LLC and now known as
Banc of America Securities, LLC, a
California Limited Liability
Corporation; NATIONAL ASSOCIATION
OF SECURITIES DEALERS,
INCORPORATED a nonprofit
corporation incorporated in the state
of Delaware; NASD REGULATION,
INCORPORATED, a nonprofit
corporation incorporated in the state
of Delaware; SIMONE L. SICOLA;
DAVID BROOKS WESTWATER, JR.;
DAVID S. SAYLOR; NASD DISPUTE
RESOLUTION, INCORPORATED; GERI S.
KRAUSS; HERRICK FEINSTEIN, LLP,
                    *Defendants-Appellees.*

No. 01-1664

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-00-39-3-MU)

Argued: April 5, 2002

Decided: July 12, 2002

Before WIDENER and WILLIAMS, Circuit Judges, and
Walter K. STAPLETON, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** John Mitchell Aberman, JAMES, MCELROY & DIEHL,
P.A., Charlotte, North Carolina, for Appellant. Geri S. Krauss, HER-
RICK, FEINSTEIN, L.L.P., New York, New York; Cory Hohnbaum,
KENNEDY, COVINGTON, LOBDELL & HICKMAN, L.L.P.,
Charlotte, North Carolina, for Appellees. **ON BRIEF:** Susan B.
Molony, KENNEDY, COVINGTON, LOBDELL & HICKMAN,
L.L.P., Charlotte, North Carolina; Terry Reicher, Betty G. Brooks,
NASD, INC., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Renee T. Cecala (plaintiff) appeals the district court's order deny-
ing her motion to vacate the underlying arbitration award, granting
defendants' motions to confirm the arbitration award,[1] and dismissing
plaintiff's complaint with prejudice. We affirm.

---

[1] Defendants are NationsBank Corp. (bank), NationsBanc Capital Mar-
kets, Inc. (now known as Banc of America Securities, LLC), Herrick,

## I.

Plaintiff worked for NationsBank (bank) as an investment banker for roughly three years between 1994 and 1997. Plaintiff executed a Form U-4, Uniform Application for Security Industries Registration or Transfer, requiring her to arbitrate employment related disputes.[2] She quit her job and, through counsel, initiated arbitration against the bank and its subsidiaries for misrepresentation, negligent hiring and supervision, defamation, and sexual discrimination and disparate treatment under Title VII. The National Association of Security Dealers (NASD), a self-regulatory organization registered with the SEC, provided a forum for this arbitration.

Plaintiff, represented by counsel, acknowledged that she had read the rules of the NASD and agreed that the arbitration would be conducted accordingly. Plaintiff presented evidence concerning her claims, including alleged telephone conversations specifying sexual discussions. The arbitration lasted 36 days, in one-half day intervals, and was sporadically conducted between August 6, 1998 and October 20, 1999. Mrs. Cecala was represented by counsel in 34 of the 36 sessions, but not in the last two, having fired her attorney.

During the arbitration, plaintiff claims to have suffered from major depression, anxiety and post traumatic stress disorder. Dr. Stonnington, a psychiatrist, listed her symptoms as evidence of her disability. From the record, it appears her mental problems did not arise until after her case-in-chief had been presented. Her health problems caused delay in the remaining arbitration hearings, however. After

---

Feinstein LLP, Geri S. Krauss, Esq., National Association of Securities Dealers, Inc. (NASD), NASD Regulation, Inc., NASD Dispute Resolution, Inc., Simone L. Sicola, David Brooks Westwater, Jr., and David S. Saylor. These defendants include the bank, the bank's attorneys, the arbitration company, and the individual arbitrators. They are collectively referred to as "defendants."

[2]Apart from this arbitration clause in the U-4 form, it appears that plaintiff consciously decided against suit and for arbitration as evidenced through letter correspondence with and from her attorney about filing an EEOC complaint and submission of the dispute to arbitration.

suffering what her attorney described as a mini-breakdown on November 11, 1998, the arbitrators adjourned the case for her sake, stating, "[t]ell Ms. Cecala our prayers are with her." On June 16, 1999, her medical problems again stopped the proceedings. The arbitration was again adjourned. While a $1000 postponement fee was assessed, the arbitrators noted that they would err on the side of caution on account of plaintiff's condition.

Following a June 17 hearing, plaintiff discharged her counsel. She claims she was unable to attain permanent new counsel. She did, however, write the arbitrators stating that she would not be available to proceed on July 27 and 28, 1999 but apparently would be available, commencing August, 1999. For a brief period, she obtained counsel who filed a recusal motion against the arbitration panel. This recusal motion and another adjournment motion were denied. At an October 20 hearing, the panel allowed plaintiff to chose a suitable schedule date for filing the post-hearing briefs. She choose December 15, 1999; however, she did not submit the brief.

Plaintiff requested a stay in December 1999 to have counsel appointed; however, this request was denied. Later in December, plaintiff challenged whether she could even be required to arbitrate. In addition, she again requested appointment of a new lawyer.[3] Ultimately, the arbitration panel denied relief on all claims and assessed plaintiff a $20,650 forum fee, one-half of the total cost of the arbitration.

After losing her arbitration case, plaintiff sought to vacate the underlying arbitration award and asserted wrongdoing against the bank, the arbitrators, and the bank's lawyers. In her district court complaint, among her many assertions, she claims the following: she was never obligated to arbitrate; the bank's attorneys violated North Carolina law; NASD, its arbitrators, and the bank violated Title VII, Title III (ADA), and other constitutional rights; the arbitrators con-

---

[3]Defendant had actually retained new counsel in an advisory capacity, as evidenced by a December 6, 1999 letter from the attorneys.

cealed and misrepresented facts, committed perjury, were malicious, and invaded her privacy.[4]

The district court noted the procedural defects of plaintiff's complaint, specifically the failure to pay a $150 filing fee and serve the named defendants. That aside, the district court then correctly stated that "Cecala's Complaint could not survive Defendants' Motions to Dismiss." First, the court concluded that none of the defendants were state actors; therefore, they are not subject to any constitutional and civil rights claims based upon state conduct. Second, the court held claims against the NASD defendants are barred by arbitral immunity. Third, the court held that the claims against the bank's attorneys, for failing to obtain *pro hac vice* admission, do not give rise to damages.

---

[4]We have examined the record in the district court which includes all or substantially all of the record in the arbitration proceeding. One of the papers filed in the district court by Mrs. Cecala is an opposition of the plaintiff to the various motions filed by the defendants after the institution of the proceeding in the district court. That memo is dated February 14, 2001 and contains the following:

> The arbitrators were either severely hearing impaired, memory impaired, blood sugar impaired, comprehension impaired[,] mental acuity impaired, asleep impaired, taking prescription medication that affects moods, or a combination thereof. The infirmities, and their non-disclosure, further subverted the entire arbitration proceeding (and the Arbitral Immunity that the NASD defendants claim as well). J.A. 2120.

While the above description uses more colorful English, that charge is no worse than that in the complaint which charges the arbitrators with:

> "partiality and corruption", "egregious conduct" not to mention "negative misprision," "invasion of privacy," "oppression," "perjury," "violation of 42 U.S.C. § 1985(2)" and (3) and "malice." J.A. 1996.

Despite such charges, which are entirely unsupported by the record, an examination of the record shows that the arbitrators uniformly treated the plaintiff with every courtesy and consideration. They conducted that proceeding in a measured and fair manner. The charges are completely unfounded.

With respect to plaintiff's motion to vacate the arbitration, the district court found that "having voluntarily initiated and actively participated in the arbitration proceedings at issue, as well as having failed to properly and timely object to the enforceability of the arbitration agreement, Cecala has waived her right to contest the validity of the arbitration agreements." Next, the district court, noting that review of arbitral awards is limited, cited *Remmey v. Painewebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994), for the proposition that in reviewing arbitral awards, the court must only determine "whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." In addition the court found that after having had roughly a year to support her allegations, plaintiff failed to articulate any factual or legal underpinnings for her arguments to vacate.[5] There is no doubt but that the arbitrators did their job in this case.

## II.

Plaintiff raised five issues on appeal. First, she broadly contends the district court erred in dismissing her claims with prejudice and in refusing to appoint counsel. Second, she asserts that any procedural defects in filing do not warrant a dismissal with prejudice, and in fact preclude such holding. Third, she claims the district court erred in refusing to vacate the arbitration award. Fourth, she states the court erred in barring her claims against NASD and its arbitrators under the doctrine of arbitral immunity. Fifth, plaintiff maintains error in the district court's dismissal of some of her claims because of the absence of a state actor.

We review the district court's Rule 12(b)(6) dismissal *de novo* in determining whether the complaint is legally sufficient under the facts alleged or any facts that could be proved to support such complaint. *Eastern Shore Mkts., Inc. v. J.D. Assoc. Ltd. Partnership*, 213 F.3d

---

[5]The district court noticed plaintiff's physical and mental afflictions and the fact that she was proceeding *pro se*, but concluded that after multiple time extensions, it was unwilling to comb through the two boxes of exhibits to find support for her claims, especially since there was no accompanying brief or index.

175, 180 (4th Cir. 2000). As noted in *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985),

> Though [*Pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them.

Even if the plaintiff has vaguely identified some issues in her complaint, as the district court stated, "she utterly fails to identify any acts in support of such allegations. Simply put, Cecala's complaint fails to state a claim upon which relief may be granted." After oral argument and review of the briefs and record in this case, we find no merit to the plaintiff's claims and no error in the district court's opinion.[6] We accordingly affirm for the reasons substantially stated in the opinion of the district court. *Cecala v. NationsBank Corp. et al.*, 3:00MC39-MU (W.D.N.C. 2001).

*AFFIRMED*[7]

---

[6]In relation to her ADA claims, plaintiff never raised the fact that she was disabled under the ADA to the arbitration panel. Even assuming both that her claim is appropriate and that the ADA actually limits arbitral immunity as plaintiff suggests, we find no instance during this protracted arbitration where the arbitration panel did not accommodate her for her mental problems. During oral argument, plaintiff claimed that the panel failed to extend her time to file her post-hearing brief in violation of the ADA; however, we find this inapposite simply because the arbitrators allowed her to pick this deadline, which defendant set roughly two months later.

We find no error in the district court denying appointment of counsel for this civil case where both parties agreed to arbitrate the matter.

As to the state action argument, there is no state action for any claim requiring the same, for example, equal protection or free speech. There is no factual support for her statutory and constitutional claims otherwise made.

[7]On March 7, 2002, Mrs. Cecala moved to strike portions of the Bank-defendants' brief and to expunge portions of the joint appendix. In partic-

ular, she moves to expunge from the record the following 13 documents: (a) a letter appearing in J.A. p.1624; (b) a letter appearing in J.A. p.1625; (c) a letter appearing at J.A. p.1626; (d) a letter from Krauss dated November 10, 1998, referred to on p.4 of the Banks page-proof brief but which does not appear in the J.A.; (e) a letter appearing at J.A. p.1630; (f) a letter appearing at J.A. p.1631; (g) a letter appearing at J.A. p.1632-33; (h) a letter appearing at J.A. p.1634; (i) a letter dated February 8, 1999, appearing at J.A. p.1624; (j) a letter appearing at J.A. p.1642-43; (k) a letter appearing at J.A. p.1647-48; (l) a letter appearing at J.A. p.1654-55; and (m) a letter appearing at J.A. p.1656.

The motion to expunge these documents from the record is granted except that item (d) is denied and item (i) is denied, that document described not appearing at J.A. p.1624.

The motion to strike the parts of the Bank's brief that referred to any of those documents is denied.

We have not depended on any of those documents in arriving at our decision.

The motion to award plaintiff attorney's fees on account of the inclusion in the appendix of the papers just referred to is denied. The Bank defendants having prevailed, any taxable costs awarded to them will be reduced by $56 ($4 per page for 14 pages here expunged).